## ALLOWANCE OF COUNSEL FEES WHERE TRUST FUND HAS BEEN BENEFITED.

[Probate Court of Hamilton County.]

ESTATE OF MARY A. OSKAMP, DECEASED.

Decided, May 12, 1902.

*Counsel Fees—Unauthorized Service for Administrator—Trust Fund Benefited—Equitable Doctrine Applied.*

A reasonable allowance of fees will be made on equitable principles to counsel who, although not employed by the administrator or trustee, have rendered services which inured for the benefit of the trust.

FERRIS, J.

This case comes now for decision upon an application filed by Charles W. Baker and Fred. W. Keam for an allowance of fees out of the estate, based upon services rendered to the estate as counsel in the following matters:

One of the devisees claimed $21,459.17 as a gift from the decedent, and such proceedings, they claim, were had as prevented recovery, and therefore, as to that item, it was a distinct gain to the estate.

And for a basis of a further charge, they claimed that $2,681.50 was covered back into the estate, as will appear by a supplementary decree made by the Probate Court of Hamilton County, Ohio.

Third. A claim was made for four and one-half years' services in the sum of $22,500. This amount was by the court reduced to $15,750, thus making a saving to the estate of $6,750, and the total, by this process of reasoning, is $30,890.67, which, it is said, is a net gain to the estate.

Again, as a further reason for some allowance to be made to counsel, it is said that through the joint efforts of many attorneys, including these, the estate saved $6,775.37 in taxes, necessitating a suit in the United States Court, by which suit $2,000 was saved, as a net gain to the estate.

All of these items, except the question of taxes, are quite familiar to the court, because of numerous hearings, arguments and orders made by this court in this connection, and the question in all of these matters is as to whether or not the rules of law laid down in that class of cases, wherein courts have allowed counsel

to recover a proper amount for services rendered, not under employment by the administrator of an estate, but whose services, first made possible by heirs, inured to the benefit of the trust estate, and that upon equitable principles resulted favorably to the estate in the increase of assets or in the conservation of an estate already in being, were allowed as valid charges against the trust estate. This by reason of the application of principles of equity, and not falling under the law of contract. We do not have to rely upon the authorities cited by counsel, quoting from *In re Trustees* v. *Greenough,* 105 U. S., 527, or Railroad case, 113 U. S., 116, or case in 168 U. S., 311.

We have the principle settled in Ohio, in 35 O. S., 581; 52 O. S., ——; 56 O. S., 779; and while it is true that we have an express statute that defines the distribution of an estate, and allows to an administrator or executor fixed compensation, together with whatever fixed reasonable expenses they may be put to, yet it has always been a recognized rule in many states, and always by the federal courts, that a reasonable allowance shall be made for counsel fees in all matters where a trust fund has been benefited by the services of counsel, even though not retained by the administrator.

See 9 C. C., pages 132-133.

See 21 C. C., page 728.

It is dangerous to allow the application of this rule to extend so far as to induce litigation that may be unnecessary and harmful, yet where *cest que trustants* employ counsel, and such service results in bringing to the estate a large amount for distribution, or prevents the recovery of claims that would otherwise be admitted as valid debts, and establishes correctly the basis of division by an appeal to courts of law, such services must be warranted by an application of the equitable principle, "that a trustee called upon to discharge a duty in the matter of the administration of his trust, would be entitled to a reasonable compensation therefor, and included therein a reasonable allowance to be made for counsel fees."

The object of the administration being distribution, whatever effects distribution is a service to the estate, and the expenses incident thereto may be chargeable to the administrator, first, per-

sonally, and second, the estate. *Moore* v. *Thomas,* 52 O. S., 200.

In the Perea case, 168 U. S., the court, discussing the position of the administrator of an estate, says, that inasmuch as the fund was recovered, it should be made properly to bear a proportion of the expense of administration, the amount is within judicial discretion, and in fixing the amount, the trial court should proceed upon its own knowledge of the value of the solicitor's service.

The trouble that has arisen in these cases that have gone to the United States Court and there reviewed, has been the narrow construction given to the various statutes of the different states, which, Judge Brewer says, finds no warrant that obtains in the practice of the federal courts where rules of equity are enforced to pay one a fair compensation for a service that inures to the benefit of all interested in the fund.

The Kittredge case, the decision of which was first announced in 19th Bulletin, and afterwards affirmed by the Supreme Court without record, and subsequently again before that court for affirmance of a judgment of the circuit court, could have never been reached unless that court had determined that equitable doctrines had a place in the translation of the rule or statute, which authorizes the payment of any reasonable expense made necessary in the administration of assets.

There were undoubtedly valuable services that were rendered by counsel in this matter, that did inure to the benefit of the estate. This will be found by reference to the decision of this court and of other courts relating to this same subject matter. Claims were defeated that, in the judgment of the courts should never have been allowed as valid claims against the estate. They were not allowed as claims by the administrator with the will annexed, but finding them as parts of the will, he would have been justified, without legal intervention, in paying them. Under the order of the court, this he could not do. Such order was obtained as the result of litigation by counsel who now ask pay for the same. The peculiarities of this estate, and every estate is peculiar, made the litigation a fiercely contested one. It was, as usual, a family affair, and the court, with the aid of counsel, made such disposition as seemed wise and proper of the various matters submitted. Then, too, as a further basis of a charge, it is said and urged upon

the court, as a ground for an allowance of proper fees, that through this same counsel, and solely through them, that the codicils to the will were set aside, and thus an estate which possibly might have been in the courts, or unsettled, at least, for many years to come, was brought to an early termination, and the management of the estate relieved of many questions that could be easily subject matter for misunderstanding and possible litigation.

Without expressing any opinion, whatever, with reference to the merits or demerits of that controversy, and looking only to the estate as such, the efforts of counsel in the direction of an early distribution were of value in reaching a speedy termination of what otherwise might have been a long, tedious and expensive litigation.

The objection to any allowance is upon the theory of the statute, that an administrator only can charge an estate with the payment of counsel fees, only when the employment is had under his direction, necessary for the proper conduct of the estate, and upon the theory that, as such administrator, he represents the entire estate, creditors first, and heirs second, and therefore, outside employment should be paid by the contracting parties, be they creditors or heirs, and not out of the estate which is in his hands as a trustee for the benefit of whom it may concern. This rule is frequently adopted, and correctly adopted, and, as a general proposition, is a correct one, but it is only in cases where the application of the equitable doctrine is plain that the legal rule should be far extended as to include a proper charge for a proper service rendered for the interests of the estates in entirety, and not for the benefit of a particular heir or creditor.

The records disclose the fact that a persistent effort was made by these parties now seeking to be paid, to have claims aggregating thousands of dollars disallowed, and to that end contracts were entered into upon a basis of a contingent fee, which services are not included in the application now before the court, and that various orders were made and entered into by them representing the administrator of the estate, and that many of the important victories were the result of the proceedings inaugurated and carried to a successful conclusion.

Having reviewed these facts with some care, and having a knowl-

edge of the estate as an entirety, the court is of the opinion that a charge of $2,500 would not be unreasonable to be included by the administrator as an expense incident to administration.

*C. W. Baker, Fred. W. Keam.*

*John E. Bruce, Harlan Cleveland, Goebel & Bettinger.*

*Kittredge & Wilby.*